PER CURIAM.
This is an appeal by Exclusive Investment Management & Consultants (EIMC), d/b/a New Directions Counseling, a mental health services provider, from a final order entered by the Agency for Health Care Administration (AHCA) canceling EIMC’s Medicaid provider numbers on the ground that EIMC, contrary to AHCA’s interpretation of section 409.906(8), Florida Statutes (1995),[1] did not have an annual contract with the Alcohol, Drug Abuse and Mental Health (ADM) program office within the Department of Health and Rehabilitative Services (HRS). We reverse as to the issue asserting that AHCA erred in construing the statute to require that a mental health services provider have an annual contract with ADM, in that such interpretation constituted incipient, nonrule agency policy which AHCA did not explain during the formal hearing, but we affirm as to the remaining points.
Since August 3, 1994, as the administrative law judge (ALJ) found, EIMC had been under contract with HRS pursuant to short-term performance and rate contracts with ADM and Child Protective Services. Beginning in October 1995, AHCA sent Medicaid cancellation letters to EIMC and numerous other providers, stating that providers must have a contract with ADM, rather than simply any form of contract with HRS. Although AHCA’s Medicaid handbook did not previously require providers even to have a contract with HRS, AHCA amended the handbook in December 1995 to require such contract, and thereafter construed the amendment to require an annual contract with ADM. Because AHCA only began imposing the annual ADM contract requirement in October 1995, when it sent the Medicaid cancellation letter to EIMC and the other providers, AHCA was required to explicate this emerging policy. McDonald v. Department of Banking & Fin., 346 So.2d 569, 582 (Fla. 1st DCA 1977) (any deviation from prior agency practice must be explained).
In its final order, AHCA contends that it has consistently construed the statute as requiring providers such as EIMC to have annual contracts with ADM, and in support of this position, it refers to the deposition testimony of AHCA and HRS officials, as well as “discoverable precedent.” In regard to the testimony of agency officials, such evidence established only that the agency now requires mental health providers to have contracts with the ADM office. As to its reliance on discoverable precedent, AHCA cited three of its prior orders, which, similar to the testimony AHCA relied on, decided *313 only that mental health providers must have a contract with ADM to be in compliance with section 409.906(8). Southeastern Counseling Ctr., Inc. v. Agency for Health Care Admin., 18 F.A.L.R. 3520 (Fla. Agency for Health Care Admin.1996); Forest Hill Counseling Ctr. v. Agency for Health Care Admin., 18 F.A.L.R. 3516 (Fla. Agency for Health Care Admin.1996); and Alpha House of Tampa, Inc. v. Agency for Health Care Admin., 18 F.A.L.R. 3511 (Fla. Agency for Health Care Admin.1996).[2]
Each of the above orders involved mental health providers which, like EIMC, received letters from AHCA dated October 15, 1995, canceling their Medicaid provider numbers, because they did not have current contracts with ADM. In each, however, the agency merely held vnthout explanation that termination of the Medicaid numbers was appropriate based upon AHCA’s interpretation of section 409.906(8) that providers must have a current contract with ADM. There was no indication in any of these cases that the providers previously had contracts with HRS, rather than with ADM. Nor was there any indication therein that the requirement of an ADM contract was a change from the agency’s prior policy. Consequently, there was no acknowledgment that the ADM requirement was incipient policy, and thus no discussion was advanced or explanation given for such policy. These cases, therefore, should not provide a means for AHCA to evade the requirement stated in McDonald, that an agency explicate incipient policy in a hearing pursuant to section 120.57(1), Florida Statutes. Cf. Meridian, Inc. v. Department of Health & Rehab. Servs., 548 So.2d 1169 (Fla. 1st DCA 1989) (agency may rely upon discoverable precedent without further explicating policy, when prior decisions fully explicate such policy).
Accordingly, the final order canceling the Medicaid provider number is reversed and the ease remanded for the purpose of permitting AHCA either to explain its incipient policy requiring a mental health services provider to have an annual contract with ADM as a precondition to the provider’s maintenance of its Medicaid provider number, or for AHCA, in turn, to remand for further proceedings as to this issue.
AFFIRMED in part, REVERSED in part and REMANDED.
ERVIN and DAVIS, JJ., concur-.
BENTON, J., dissents with opinion.

. Section 409.906(8) authorizes AHCA to make Medicaid payments to community mental health services providers as follows:
The agency may pay for rehabilitative services provided to a recipient in a mental health, drug abuse, or alcohol abuse center licensed by the agency and under contract to the Department of Health and Rehabilitative Services, which are psychiatric in nature and rendered or recommended by a psychiatrist....
(Emphasis added.)

. In its brief on appeal, AHCA includes a more recent decision as additional "discoverable precedent.” I.M.P.A.C.T. Inst., Inc. v. Agency for Health Care Admin., 18 F.A.L.R. 4768 (Fla. Agency for Health Care Admin.1996).